

U.S. Department of Justice

Matthew M. Graves
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

April 25, 2022

Re:   Capitol Siege Cases
Defense Discovery Databases
Global Discovery Productions 1-14

Dear Counsel:

This letter summarizes the status of discovery database access for you and your respective clients (or in the case of standby counsel, for you and your *pro se* defendant), and the procedures for gaining access to those databases.  Further, this letter memorializes the global discovery productions that have been made available by the Capitol Siege Section-Discovery Unit to date.[1]

## I.  **Defense Databases**

The Federal Public Defender for the District of Columbia ("FPD") is acting as the discovery liaison for counsel in all Capitol Siege cases.  In connection with that role, FPD is administering evidence.com and Relativity databases for the purpose of receiving global discovery productions and making them accessible to Capitol Siege defense counsel.  The government cannot access or view what occurs in any of the defense databases.

---

[1] By way of illustration, global discovery (as distinguished from case-specific discovery), includes materials such as:

- Voluminous video footage, radio runs, and tips;
- Case-specific materials from other subjects' investigations, such as the results of searches of digital devices and Stored Communications Act accounts and subject interviews;
- Documents likely to be relevant to many charged individuals, e.g., documents related to interstate commerce or proof of an official proceeding;
- Documents commonly requested by defense counsel, e.g., investigations to allegations of officer complicity; and
- Tools we have obtained or developed that may assist defendants in identifying relevant information.

### A.  Evidence.com

Evidence.com is an online video repository developed and hosted by Axon Enterprise, Inc. ("Axon").  We are using evidence.com to share voluminous amounts of video footage to FPD's wholly separate "instance" of evidence.com.

### 1.  Access by Defense Counsel to FPD Instance of Evidence.com

Since October 18, 2021, all Capitol Siege defense counsel have been able to request a license from FPD to view voluminous amounts of video footage we have shared to FPD's instance of evidence.com.

### 2.  Access by Clients on Pretrial Release to Videos in FPD Instance of Evidence.com

Defense counsel's license enables counsel to use evidence.com to share videos with clients who are on pretrial release, subject to the terms of the protective order concerning videos designated as sensitive or highly sensitive.  We have agreed to waive the requirement that a defendant be supervised while viewing highly sensitive video shared to the FPD instance of evidence.com in cases where:

    a.  A protective order has been entered in the relevant case;
    b.  The defendant has executed the written acknowledgement to the protective order (or been subject to an equivalent admonishment by the Court);
    c.  Access is provided to the client via FPD's instance of evidence.com (i.e., not downloaded); and
    d.  The ability of the defendant to download or reshare is suppressed by counsel before the video is shared.[2]

### 3.  Evidence.com Access for Defendants Detained in the D.C. Department of Corrections

As of February 9, 2022, through an unprecedented collaboration among the government, FPD, FPD's National Litigation Support Team ("NLST"), American Prison Data Systems ("APDS"), the D.C. Department of Corrections ("DOC"), and Axon, a separate, stand-alone instance of evidence.com has been made available to allow Capitol Siege defendants housed in the DOC to view video footage.  This DOC instance of evidence.com is a mirror image of the FPD instance of evidence.com and it is also administered by FPD.

---

[2] To be clear, this exception pertains solely to defendants' viewing of highly sensitive video in FPD's instance of evidence.com.  It does not apply to any other highly sensitive documents (including video) that have been produced by any other mechanism (e.g., USAfx or another file transfer system, Relativity, or a storage device).

The government and FPD have drafted a memorandum of understanding describing, among other things, the requirements for inmates to obtain access.[3]  In brief, the government will make a request for an inmate to gain access to the DOC instance of evidence.com over an APDS educational tablet once the assigned prosecutor notifies the Capitol Siege Discovery Unit Chief that one of the following three things has occurred:

      a.  The inmate has signed Attachment A to the protective order;

      b.  The inmate has stated on the record in court that s/he has read the protective order, reviewed it with his/her attorney, understands the protective order, and agrees to abide by it; or

      c.  A defense attorney has represented to the assigned prosecutor in writing that they have reviewed the protective order with their client and have been authorized to sign Attachment A on their client's behalf; and (b) the defense attorney also agrees that at the next scheduled hearing in which the client is present, s/he will put on the record that s/he signed Attachment A on the client's behalf after reviewing the protective order with him or her.

If you have a client who is housed in the DOC who would like access to the DOC instance of evidence.com, please notify the prosecutor assigned to your case when one of these conditions is satisfied.

### 4.  Access to Evidence.com by *Pro Se* Defendants

Subject to the terms described in Sections I(A)(2) and A(3) above, standby counsel can use their own licenses for the FPD instance of evidence.com to share videos with *pro se* defendants on pretrial release, and detained *pro se* defendants can view video in the DOC instance.

## B.  Relativity

Relativity is a cloud-based eDiscovery platform that offers functionalities including document organization, review, production, and analytics within a single environment.  We are using Relativity to share documents to FPD's separate Relativity workspace.  (To be clear, documents may include video. Only voluminous video is shared via evidence.com.)

### 1.  Access by Defense Counsel to FPD Relativity Workspace

Since January 21, 2022, all Capitol Siege defense counsel have been able to request a license from FPD to view materials in FPD's Relativity workspace.  As the Relativity database is

---

[3] The memorandum addresses topics including: (1) the contents of the DOC instance; (2) administration of the instance; (3) requirements for access by detained defendants, whether represented by counsel or *pro se*; (4) procedures for an inmate to obtain an APDS educational tablet (most already have one); (5) the process for adding an evidence.com link to an APDS educational tablet; (6) the permissions settings required for the instance; (7) how the protective order works in connection with this instance; and (8) persons with visibility into an inmate's activities in the instance.

in a FedRAMP, secure environment, completing the process for obtaining access is time-consuming and requires a number of steps. Thus, counsel should plan for the process to take *at least* one week from when you first submit your FPD Relativity License Request Form to when you will be granted access the Relativity database. Depending on the number of simultaneous requests, it could take even more time. Thus, we urge you to apply for access to FPD's Relativity workspace as soon as possible.

### 2. Access by Defendants to Materials in FPD Relativity Database

No defendants will be provided licenses to access the FPD Relativity workspace, given the extensive volume of highly sensitive materials currently therein and those that we will produce in the future. (Please see Section 5 of the Discovery Unit's February 9, 2022 Status Memorandum for examples of such types of information.)

We will notify the defense as materials are added to the FPD Relativity workspace so that counsel and defendants may collaborate to identify any materials a defendant should review in a particular case. Subject to the protective order, defense counsel can share such documents with their respective clients through a variety of mechanisms including Internet-based file transfer systems or traditional storage devices, such as hard drives, flash drives, and discs. Further, FPD and its vendor are also attempting to determine if it will be possible for defendants to view selected materials within the FPD Relativity workspace, utilizing permissions that would ensure that only the selected materials are viewable by the relevant client.

In those instances where a defendant wishes to view highly sensitive documents in FPD's Relativity workspace, counsel or another member of the legal defense team must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise about the documents in question or (2) the Court orders otherwise. The protective order's requirements for highly sensitive documents apply regardless of whether a defendant is detained or on pretrial release.

### 3. *Pro Se* Defendants

For the reasons elaborated in Section 5 of the Discovery Unit's February 9, 2022 Status Memorandum, the government will not agree to provide *pro se* defendants access to FPD's Relativity workspace. However, prosecutors assigned to *pro se* cases will share production indexes with both *pro se* defendants and their standby counsel. Standby counsel should discuss the materials on the production index with the *pro se* defendant, and subject to the protective order, s/he can share any materials requested utilizing the same mechanisms available to represented defendants described above. Further, in those instances where a *pro se* defendant wishes to view highly sensitive documents, standby counsel or his/her staff must supervise the defendant unless: (1) the defendant and the assigned prosecutor are able to reach a suitable compromise or (2) the Court orders otherwise.

C.  Questions

If you have any questions about obtaining access to defense databases, or you are experiencing difficulties or challenges with gaining access, please email please email Shelli Peterson at Shelli_Peterson@fd.org.

II.   Productions to Date

As a preliminary matter, if you receive any materials designated Sensitive or Highly Sensitive and (a) there is no protective order entered in the applicable case or (b) your client has refused to sign a written acknowledgment that s/he has read, understands and agrees to abide by the terms of the applicable protective order, we request that you refrain from disseminating those materials to your client. Instead, please inform the assigned prosecutor in writing and give them at least one week to file a motion with the Court to ensure that discovery materials are adequately protected.

Following is a summary of the global discovery productions made to date.  At the time you receive this letter, you should also receive an invitation to a USAfx folder containing indexes of the files we have produced to FPD's instance of evidence.com and FPD's Relativity workspace.[4]

Global Production No. 1

On September 10, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:

- 35 files consisting of 28 reports from U.S. Capitol Police (USCP) Office of Professional Responsibility ("OPR") investigations of alleged wrongdoing by USCP officers on January 6, 2021 (CAPD_000000001- CAPD_000000848.)

Officer names, witness names, and complainant names were redacted and these files are not subject to a sensitivity designation under the protective order.  However, if you observe that an officer's name has not been redacted, and that officer is a subject of or witness to the allegation of misconduct, you must treat that information as Highly Sensitive under the protective order. That means you cannot share it with your client unsupervised unless you first redact it, and that the information can only be used consistent with the protective order's rules for handling Highly Sensitive materials.  Should you observe such information, please notify us so that we may make an appropriate designation known to all Capitol Breach defendants.

Global Production No. 2

On September 24, 2021, the following materials were shared to the defense instance of evidence.com:

---

[4] To assist you in identifying video files you may consider relevant in specific cases, we have also produced multiple analytical and mapping tools.  Please see Section 1 of our Memorandum Regarding Status of Discovery as of February 9, 2022, for a comprehensive list of these tools.

- 4,044 files (over one terabyte) consisting of USCP Closed Circuit Video ("CCV") footage from 118 cameras.  The contents of footage shared includes video from the interior of the U.S. Capitol Visitor Center and from the Capitol grounds.  These files are designated Sensitive under the protective order (FPD CCTV_001 SENSITIVE.)[5]

On September 24, 2021, the following materials, now accessible in FPD's Relativity workspace, were shared via USAfx:

- Forty-two files that consist of Metropolitan Police Department ("MPD") internal investigation reports and exhibits (CAPD_000000849 to CAPD_000001587).  These reports and exhibits are unredacted and thus designated Highly Sensitive under the protective order.
- Twenty files consisting of digital exhibits to previously produced USCP OPR reports.  Any applicable sensitivity designations are reflected in the index (CAPD_000001588 to CAPD_000001607).

**Global Production No. 3**

On October 1, 2021, the following materials were shared to the defense instance of evidence.com:

- 11,176 files (over 3 terabytes) consisting of USCP CCV footage from 339 cameras.  The contents of footage shared includes video from the interior of the U.S. Capitol Visitor Center and from the Capitol grounds.  These files are designated Sensitive under the protective order (FPD CCTV_002 SENSITIVE).
- 1,676 files consisting of MPD body-worn-camera ("BWC") footage recorded between approximately 1:00 p.m. and 6:00 p.m. on January 6, 2021.  These files are not subject to a sensitivity designation under the protective order.  Nevertheless, to the extent you intend to disseminate these materials to any persons other than your client, the legal defense team, or the person to whom the footage solely and directly pertains or his/her

---

[5] To determine the starting date/time of USCP CCV video, you will need to look to the format of the title of each video in evidence.com. Each CCV video will have a date and time (in 24-hour format) at the end of the filename that refers to the starting date/time of that video. The times are either in local time (EST) or in UTC (EST +5 hours). To determine the correct starting time, check if the filename has or does not have spaces. File names without spaces are in EST format. File names with spaces are in UTC format.  For example:

- File name: 5061501RFWestRoof_2021-01-06_11h40min01s657ms.mp4
  - There are no spaces in this file name and therefore the time is in EST format.

- File name: 5061 501 RF West Roof - 2021-01-07_01h00min02s.mp4
  - There are are spaces in this file name and therefore the time is in UTC format (EST +5 hours).

counsel, please ensure that you have reviewed the footage first and do not disseminate further any footage: (1) in which an individual provides or displays personal identifying information[6] or (2) depicting personal information that may be highly embarrassing to either the officer wearing the camera or a person depicted in the footage.[7]  Such information is at the very least Sensitive under the protective order.  Should you observe such information, please notify us so that we may make an appropriate designation known to all Capitol Breach defendants (FPD_MPD BWC 001).

## Global Production No. 4

On October 8, 2021, the following materials were shared to the defense instance of evidence.com:

- 1,705 files consisting of USCP CCV footage from 58 cameras.  The contents of footage shared includes video from the interior of the U.S. Capitol Visitor Center and from the Capitol grounds.  These files are designated Sensitive (not Highly Sensitive) under the protective order (FPD CCTV_003 SENSITIVE).

On October 15, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:

- 15 maps of the interior of Capitol Visitor's Center and the interior of the Capitol, all of which are designated Highly Sensitive under the protective order (CAPD_0001648 - CAPD_0001662).
- USCP Radio Communications on Main Ops 1 and 2 (CAPD_0001615 - CAPD_0001616, respectively), which are also Exhibit 7 to USCP Office of Professional Responsibility Report ("OPR") 21-006A (previously provided).  These items are designated Sensitive under the protective order.
- Draft transcripts of the radio communications described above.  These items are also designated Sensitive under the protective order (CAPD_0001663 - CAPD_0001664).
- 11 additional digital exhibits (6 audio, 3 videos, and 2 images) to previously produced USCP OPR reports. The applicable sensitivity designation for each exhibit is listed in the index (CAPD_0001617, CAPD_0001620-CAPD_0001623, CAPD_0001627, CAPD_0001634, CAPD_0001639, CAPD_0001644, CAPD_0001645, CAPD_0001647).

---

[6] Personal identifying information includes civilian names and nicknames, and all social security numbers, driver's license numbers, physical addresses, e-mail addresses, any other contact information, financial information, medical information, and mental health history information.

[7] For example, while we believe we have already identified and segregated such footage, we are aware of instances where an officer may have forgotten to turn off his or her body-worn-camera while using a restroom.

- MPD Radio Global Positioning Satellite ("GPS") Spreadsheet.  This item is designated Sensitive under the protective order (CAPD_0001665).[8]

**Global Production No. 5**

On October 22, 2021, the following materials were shared to the defense instance of evidence.com:

- 142 files consisting of U.S. Secret Service ("USSS") surveillance exterior camera footage from January 6, 2021 (FPD_USSS 001).
- 4,204 files consisting of USCP CCV footage from 123 cameras.  The contents of footage shared includes video from the interior of the U.S. Capitol.  These files are designated Highly Sensitive under the protective order (FPD CCTV_004 HIGHLY SENSITIVE and FPD CCTV_005 HIGHLY SENSITIVE).

On October 22, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx.

- A camera map of the Capitol Grounds. The camera map is work product that was created at the request of the Discovery Team, and all camera locations depicted are approximate.  It is designated Highly Sensitive under the protective order (CAPD_0001666).
- Ten aerial surveillance images received from MPD (CAPD_0001667 to CAPD_0001676).
- Six demonstration permits received from the USCP (CAPD_0001677 to CAPD_0001753).
- A spreadsheet containing the filenames/titles, starting times, video length, and date of the USSS video contained in FPD_USSS 001. This spreadsheet is work product that was created by the Discovery Team (CAPD_0001768).

---

[8] The MPD GPS spreadsheet is work product that was created by the Discovery Team based on records provided to us by the D.C. Office of Unified Communications ("OUC") through MPD.  In many instances, the subscriber alias for a radio is an individual officer's Computer Aided Dispatch ("CAD") number and last name.  This same information can be used to search for that officer's body-worn-camera footage in evidence.com.  For ease of use, you may wish to consider plotting the information provided on a time-scaled map using commercially available GPS mapping software.  To be clear, this MPD Radio GPS information is being provided to you solely for the purpose of assisting you in locating officers who may have recorded body-worn-camera footage at a particular location and time.  We do not purport to vouch for the accuracy or admissibility of the radio location data information.  (Although OUC requested it on our behalf, OUC was unable to obtain radius of accuracy information for the location data.)  We also do not intend to indicate that each officer who used a radio was also utilizing body-worn-camera.  In fact, many officers (e.g., Detectives and Officers with the rank of Inspector and above) are generally not required to wear them.

**Global Production No. 6**
     On October 29, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:

- 30 digital audio files consisting of 30 hours of MPD radio transmissions (Special Operations Division ("SOD") channel), beginning on January 6, 2021, at 12:00 a.m. and ending January 7, 2021 at 6:00 a.m.  (CAPD_000001769 to CAPD_000001798). These files are designated Sensitive under the protective order.
- A 673-page transcript of the MPD radio transmissions (SOD channel) (CAPD_000001799 to CAPD_000002471). This file is designated Sensitive under the protective order. To facilitate your review, we have attached an index that associates the Bates number for each audio file with the relevant pages of the transcript.
- USCP after-action reports (176 pages, redacted).  This file is designated Sensitive under the protective order (CAPD_000002472 to CAPD_000002647).

     On October 29, 2021, the following materials were shared to the defense instance of evidence.com:

- 24 files consisting of approximately 4 hours of BWC footage recorded by 11 Fairfax County Police officers.  The footage begins on January 6, 2021, at 3:39 p.m. (and depicts the officers traveling to Washington, D.C.).  The footage from the Capitol begins at 5:18 p.m.  Two of these files have been designated Highly Sensitive (FPD_FAIRFAX BWC 001; FPD_FAIRFAX BWC 002 HIGHLY SENSITIVE).

- 60 files consisting of approximately 37 hours of BWC footage recorded by 22 Montgomery County Police officers.  The footage begins on January 6, 2021, at 3:03 pm.  One of these files has been designated Highly Sensitive (FPD_MONTGOMERYCO BWC 001; FPD_MONTGOMERYCO BWC 002 HIGHLY SENSITIVE).

**Global Production No. 7**
     On November 5, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:

- 159 documents largely consisting of Federal Bureau of Investigation ("FBI") reports of interview of law enforcement officers about their experiences on January 6, 2021, and accompanying exhibits.  These documents are designated Sensitive under the protective order (CAPD_000002648 to CAPD_000002902).

**Global Production No. 8**
     On November 30, 2021, the following materials, now accessible in the FPD Relativity workspace, were made available for sharing via USAfx:

- 2 new reports and 16 associated exhibits (8 video, 8 audio) of USCP investigations of alleged wrongdoing by USCP officers on January 6, 2021. Officer names, witness names,

and complainant names have been redacted. These are supplements to our original
production of reports on September 10, 2021.  The Bates numbers are reflected in the
attached index.

- 40 additional digital exhibits (30 audio, 7 videos, and 3 PDFs) to previously produced
  USCP OPR reports. The applicable sensitivity designation for each exhibit is listed in the
  index.  These are supplements to our productions of September 10 and October 15, 2021.
  The Bates numbers are reflected in the attached index and complete the gaps in previous
  productions related to the same reports.

- Detailed Zone Maps of Zone A (US Capitol) and Zone B (Terrace) for Body Worn
  Camera (CAPD_000003191 and CAPD_000003192).  These maps are designated
  Sensitive under the protective order.  (The Zone Map of the exterior of the Capitol
  (CAPD_0001666) was produced in Global Production No. 5.) All three Zone Maps are
  U.S. Attorney's Office ("USAO") Work Product.

- BWC Summary Spreadsheet Version 1 - USAO Work Product (CAPD_000003190).
  This document is designated Sensitive under the protective order.  The spreadsheet was
  created by USAO staff based on a review of BWC from responding law enforcement
  agencies including MPD, Montgomery County Police Department, and Fairfax County
  Police Department.[9]

---

[9] _How to Use the BWC Summary Spreadsheet and Zone Maps with Evidence.com_
On the spreadsheet, the columns titled "Officer Last Name" and "Officer First Name"
correspond to tags within evidence.com identifying the officer who uploaded the video
(typically, but not always, the recording officer). If, upon reviewing the spreadsheet, you want to
review a particular video, enter the officer's last name in the "Tag" column in evidence.com and
select the desired officer's name when it appears.  Evidence.com will then display all the videos
uploaded by that officer.  Next, look in the "Recorded On" column in evidence.com for the same
or a similar start time to the time listed in the "Time Video Starts" column of the spreadsheet.
(Note: BWC footage in evidence.com contains a "Recorded On" time which may vary from the
time burned into the footage itself.  The "Recorded On" time reflects the time the officer
manually hit the record button.  The time burned into the video may precede the "Recorded On"
time by one or two minutes because when an officer manually begins recording, the program
preserves events the camera viewed shortly before the camera was manually initiated.  The
"Time Video Starts" column reflects the "Recorded On" time.  However, staff who created the
spreadsheet sometimes listed the burned-in time rather than "Recorded On" time.)

Columns in the spreadsheet labeled "APO," "UE," "Attack on Media," "Dest. of Property," and
"Other Crimes" denote the timestamp in the video where a reviewer noted his/her observation of
potential criminal acts. "N" means no such acts were observed by the reviewer.

The column in the spreadsheet labeled, "If entered Capitol, at what time?" lists the time the
officer entered the Capitol based on the footage in the video.

On November 30, 2021, 1,063 files consisting of approximately 714 hours of BWC footage recorded by 675 MPD officers were shared to the defense instance of evidence.com. The files were shared in three separate folders, as follows:

- 927 files consisting of approximately 526 hours of BWC footage recorded by 545 MPD officers, beginning either before 1:00 p.m. or after 6:00 p.m. on January 6, 2021 (FPD_MPD BWC 002).
- 77 files consisting of approximately 70 hours of BWC footage recorded by 73 MPD officers, beginning between 1:00 and 6:00 p.m. on January 6, 2021 (FPD_MPD BWC 004).
- 59 files consisting of approximately 118 hours of BWC footage recorded by 57 MPD officers that are designated Highly Sensitive under the protective order (FPD_MPD BWC 003 HIGHLY SENSITIVE).

**Global Production No. 9**

On December 17, 2021, the following materials were shared to FPD's Relativity workspace:

- A detailed timeline of the events of January 6, 2021 from the USCP. This timeline is designated Sensitive under the protective order (CAPD_000003193).

- 162 Use of Force Reports for employees of USCP.  These reports are designated Sensitive under the protective order (CAPD_000003217 - CAPD_000003597).

---

Columns in the spreadsheet labeled "Loc @ 12:00" through "Loc @ 0000" identify where the reviewer believes the officer was located at a specific time.  For example, if the column labeled "Loc @ 1530" had the value "Inside" listed, the reviewer concluded the officer was inside the Capitol at 3:30 p.m.  If, alternatively, it had the value "Zone A2" listed, the reviewer believed the officer was in Zone A2 as depicted on the applicable Zone Map.

*Caveat*

This spreadsheet is being provided solely for the purpose of assisting you in locating relevant BWC footage.  It is neither intended nor admissible as a statement of the government under Federal Rule of Evidence 801.  It was created by over sixty individuals, not all of whom are attorneys.  It was initially created as an investigative tool to assist prosecutors in locating relevant evidence.  It has not been comprehensively quality-checked for accuracy.  It may contain errors or statements that are inconsistent with ultimate charging decisions.  Further, descriptions of events may not completely reflect the contents of a video.

- 64 audio recordings of Virginia State Police Radio Communications and related incident history detail reports. These files are designated Sensitive under the protective order (CAPD_000003598 - CAPD_000003698).

- BWC Summary Spreadsheet Version 2 - USAO Work Product (CAPD_000003190_1). This document is designated Sensitive under the protective order.  Version 1 of the Spreadsheet was provided in Global Production No. 8.  Version 2 has been updated to include additional BWC footage from the Arlington County Police Department ("ACPD").

**Global Production No. 10**

On January 14, 2022, the following materials were shared to the defense Relativity workspace:

- 10 videos from the House Recording Studio, including a Certificate of Authenticity, and FBI Report of Interview of Olga Ramirez Kornacki, Director of the House of Representatives TV Gallery.  These materials are designated Sensitive under the protective order (CAPD_000003699 - CAPD_000003711).

- Files from MPD's Electronic Surveillance Unit including 6 reports and 65 videos recorded by officers dressed in plain clothes.  These materials are designated Sensitive under the protective order (CAPD_000003712 - CAPD_000003798).

- MPD's Report of U.S. Capitol Police Officer Byrd's Use of Force and accompanying attachments. These materials were redacted by MPD (CAPD_000003810 - CAPD_000004120).

- Attachments to MPD's Investigative Reports concerning Use of Force. These attachments are primarily video and audio files.  These materials are designated Highly Sensitive under the protective order (CAPD_000004121 - CAPD_000004242).[10]

- 10 videos from the Senate Recording Studio, a Certificate of Authenticity, and an FBI Report documenting receipt of the video. These files are designated Sensitive under the protective order. (CAPD_000004246 - CAPD_000004255.)

**Global Production No. 11**

On Friday, January 28, 2022, the following materials were produced to the defense Relativity workspace:

---

[10] 39 files previously produced in Global Production No. 2 were provided again for reference since many of the attachments relate to those reports.  The re-produced documents are flagged as such in the index.

- USCP materials, designated as Sensitive under the protective order, including the following:
    - Eight audio files of USCP Communications via radio (CAPD_000022923 - CAPD_000022927 ) and conference bridge (CAPD_000023003 - CAPD_000023005).
    - Radio Communications Chronology (CAPD_000022928).
    - Redacted Transcript of the Dignitary Protection Detail Radio Channel (CAPD_000023006).
    - Lists of Conference Bridge attendees (CAPD_000023044 and CAPD_000023047).

- A spreadsheet listing start times of the pole camera video from ACPD (CAPD_000004267). The spreadsheet corresponds with the 19 files shared via evidence.com explained below.  It is USAO work product being provided solely to assist you in your review of voluminous footage.

- 18,484 files of Anonymous Tips and related documentation made to MPD, designated Sensitive under the protective order (CAPD_000004286 - CAPD_000022908).
    - Please note that CAPD_000011603 - CAPD_000011616 are spreadsheets that list the tips received. Many tipsters attached images or videos to their submissions that were memorialized in the "moID" column of the spreadsheet. To identify any image or video file that corresponds to the tip, please copy the value from the moID field and paste it into the "FileName" field in the defense Relativity database.  If there is no content in the moID field of the spreadsheet, or if copying the contents of the moID field does not cause Relativity to bring up another file, this means no attachment was associated with the tip.

- Files related to interstate commerce including:
    - 3 Reports of interviews of Safeway Store Managers (CAPD_000004268 - CAPD_000004270), designated Sensitive under the protective order.
    - 4 files from Safeway Grocery stores (CAPD_000022909 - CAPD_000022922), designated Sensitive under the Protective Order.
    - 2 files from the District of Columbia Government (CAPD_000004256 - CAPD_000004266).

- 3 files from the USSS involving the security of Vice President Pence, designated Sensitive under the protective order (CAPD_000023049 - CAPD_000023052).

- FBI Reports of Interview of the following individuals, designated Sensitive under the protective order:
    - USSS Employees Lanelle Hawa and Paul Wade (CAPD_000004276 - CAPD_000004285).
    - Ralf Oberti, Freelance Cameraman (CAPD_000004271).

For simplicity, the Bates range for certain voluminous records (e.g., 18,484 files of Anonymous Tips and related documentation) is summarized in the index (as opposed to being listed line by line).

On January 27, 2022, 104 files consisting of approximately 102 hours of BWC and pole camera footage recorded by approximately 54 ACPD officers were shared to the defense instance of evidence.com.  The files, described below, were shared in three separate folders, as follows:

- 84 files consisting of approximately 99 hours of BWC footage recorded by 53 ACPD officers, between 2:00 and 7:00 p.m. on January 6, 2021, designated Sensitive under the protective order (FPD_ARLINGTON BWC 001 SENSITIVE).
- 1 file consisting of 2 hours and 15 minutes of BWC footage recorded by 1 ACPD officer, beginning at 3:34 p.m. on January 6, 2021, designated Highly Sensitive under the protective order (FPD_ARLINGTON BWC 002 HIGHLY SENSITIVE).
- 19 files consisting of approximately 1 hour and 13 minutes of pole camera footage recorded by the ACPD, designated Sensitive under the protective order (FPD_ARLINGTON Polecam 003 SENSITIVE).

**Global Production No. 12**
Global Production No. 12 consisted of (A) Relativity production volumes DOJCB_012, DOJCB_013, DOJ_ABD_001, and DOJ_ABD_002; (B) a disclosure about USCP CCV footage; and (C) two evidence.com productions (one re-release and one new).

**A. Relativity Productions**
1. **Volume DOJCB_012:**  On February 21, 2022, documents identified as relevant to *United States v. Guy Reffitt*, were shared to the defense Relativity database (CAPD_000038964 - CAPD_000050937).

2. **Volume DOJCB_013**:  On March 4, 2022, the following documents were shared to the defense Relativity database:
   a. Over 250 FBI interviews of USCP and MPD officers, and associated exhibits (889 files total) (CAPD_000052939 - CAPD_000053427).
   b. Three search warrants and related materials pertaining to a total of 63 Facebook accounts (CAPD_000050938 - CAPD_000051089).
   c. Two search warrants and related materials pertaining to the FBI's collection of Google account subscriber information and location data from the Capitol and restricted perimeter, i.e., the Google geofence warrants (CAPD_000051162 - CAPD_000052152).
   d. An application and related orders issued pursuant to 18 U.S.C. 2703(d), requiring twelve cell service providers to provide basic subscriber information and call records for devices that, according to location data obtained pursuant to the Google geofence warrants, were present within the U.S. Capitol on January 6, 2021 (CAPD_000051090 - CAPD_000051161).

14

e.  One search warrant and related materials requiring Facebook to provide information for accounts associated with 2,087 advertising identifiers (CAPD_000052153 - CAPD_000052257).

f.  Ten search warrants and related materials pertaining to anonymized location data collected by ten data aggregation companies (CAPD_000052258 - CAPD_000052696).

g.  Six search warrants and related materials pertaining to the FBI's collection of cell tower data from Verizon, AT&T, and T-Mobile/Sprint (CAPD_000052697 - CAPD_000052938).

Items (c) through (g) were redacted to remove law enforcement sensitive information, for example, the precise location of cellular network infrastructure that provided cellular service to the Capitol on January 6, 2021; and information that would identify the confidential sources of certain anonymized location data.  In certain instances, we also redacted the precise account information sought, as analysis of the results continues to reveal accounts associated with individuals who were lawfully present on January 6, 2021, e.g., members of Congress, their staff, and law enforcement.  Relatedly, we do not intend to produce *en masse* the data received in response to items (c) through (g) above because it contains such information, and the process of identifying that information continues even today.  Relevant data obtained pursuant to items (c) through (g) will be provided in case-specific discovery, and requests for such data should be addressed to the assigned prosecutor.

3.  **Volume DOJ_ABD_001:**[11] On February 11, 2022, DOJ_ABD items associated with John Daniel Andries, Cynthia Ballenger, and Nicole Prado were produced to the defense Relativity database (CAPD_000023053 - CAPD_000024418).

4.  **Volume DOJ_ABD_002:** On February 21, 2022, DOJ_ABD items associated with Guy Reffitt were produced to the defense Relativity database (CAPD_000024419 - CAPD_000038963).

For simplicity, the Bates range for certain voluminous records (e.g., files that are all derived from the same digital device) is summarized in the index (as opposed to being listed line by line). Sensitivity designations for the materials described above are identified in the index.

---

[11] Until now, as above, all USAfx/Relativity productions have been identified by the volume prefix "DOJCB" followed by a number.  Going forward, we will utilize an additional volume prefix, "DOJ_ABD," to identify production volumes that consist of the following types of materials:

1.  Files from digital devices (e.g., cell phones and laptop computers) or Stored Communications Act accounts (e.g., gmail, Facebook, Twitter) that have been identified by law enforcement as relevant to the Capitol Siege investigation; and

2.  Recorded interviews with investigation subjects.

B. **Disclosure about USCP CCV**

The USCP captured footage from all Capitol interior, all Capitol Visitor Center ("CVC") interior, and all exterior CCV cameras that were in place on January 6, 2021.  We have produced all such footage to the defense instance of evidence.com except footage depicting:

1. Critical infrastructure, e.g., communication and security closets, fire doors in the basement levels of the CVC, loading docks.
2. X-Ray machine image feed.
3. Intel and Sensitive Compartmented Information Facility ("SCIF") office lobbies.
4. Tunnels and subways.
5. Evacuation routes and shelter-in-place locations utilized by, *inter alia*, members of Congress, their staff, and the Vice President, on January 6, 2021.
6. Daycare centers and the Senate page dormitory (i.e., exterior footage that provides views of the entrances to these facilities and daycare playgrounds).

Items 1-5 above have been designated as security information by the USCP Board pursuant to 2 U.S.C. § 1979.  The USCP has conducted a review of the footage comprised by Items 1-5 above and has determined that most of the footage does not depict purported rioters. We do not intend to produce such footage in discovery.

Five video files (approximately 31 minutes of footage) that fall into the Item 5 category depict purported rioters.  We are conducting a review of this footage to determine whether it depicts any charged defendants, and we will make disclosures in cases involving those defendants as required by Rule 16 or *Brady* and its progeny, in a manner we deem appropriate to protect the security interests at stake.

While Item 6 does not constitute security information, it is nevertheless irrelevant because the USCP's review determined that none of this footage depicts purported rioters.  Thus, we do not intend to produce this footage in discovery.

C. **Evidence.com Productions**

1. Re-Released Footage

On Tuesday, December 14, 2021, the government learned that we had inadvertently disclosed to the defense instance of evidence.com USCP CCV that had been designated as security information by the USCP Board pursuant to 2 U.S.C. § 1979. As an initial matter, at our request, FPD restricted access to the entire defense evidence.com instance while we assessed what happened.  On Monday, December 20, 2021, FPD restored access to the defense instance of evidence.com, except for 702 files, while we worked through this matter with the USCP.

On Friday, January 14, 2022, we authorized FPD's re-release of 642 of 702 files that had been deleted or restricted at our request.  (The remainder comprise part of the footage designated as security information by the USCP, discussed in Part B above.)  Sixteen of those 642 files, described below, had been deleted by FPD at our request.  We reshared those files on March 1, 2022, in the following folders:

16

- 14 files of exterior footage, approximately 5 hours in length (FPD CCTV_006 RE-RELEASE SENSITVE).[12]
- 2 files of interior footage, approximately 40 minutes in length (FPD CCTV_007 RE-RELEASE HIGHLY SENSITIVE).

2.  New Production

On March 4, 2022, 66 files consisting of approximately 35 hours of BWC footage recorded by 14 Virginia State Police officers were shared to the defense instance of evidence.com.  The files, described below, were shared in a folder, as follows:

- 66 files consisting of approximately 35 hours of BWC footage recorded by 14 VSP officers on January 6, 2021, designated Highly Sensitive under the protective order (FPD_VIRGINIA_STATE_POLICE BWC 001 HIGHLY SENSITIVE).

**Global Production No. 13**

Global Production No. 13 consisted of Relativity production volumes DOJCB_014, DOJCB_015, DOJ_ABD_003, and DOJ_ABD_004.

A.  **Relativity Productions**

1.  **Volume DOJCB_014:**  On March 22, 2022, the following documents were shared to the defense Relativity database:
    a.  Video footage from the French news agency Bangumi and associated materials (CAPD_000054936 - CAPD_000054954).

    b.  MPD files including:
        i.    Arrest Paperwork (CAPD_000054955 - CAPD_000057723).
        ii.   Criminal Investigative Division BOLO Files (CAPD_000057724 - CAPD_000057992).
        iii.  Curfew Arrest Paperwork (CAPD_000057993 - CAPD_000058211).
        iv.   Tips (CAPD_000058212 - CAPD_000058578).
        v.    BOLO Materials (CAPD_000058579 - CAPD_000058617).
        vi.   Video Recorded by VSP and provided to MPD (CAPD_000058618 - CAPD_000058619).
        vii.  Event Chronologies for Emergency Calls (CAPD_000058620 - CAPD_000058838).
        viii. Situational Awareness Documents (CAPD_000058839 - CAPD_000058893).
        ix.   Radio and GPS Information (CAPD_000058894).

---

[12] The files in FPD CCTV_006 RE-RELEASE SENSITIVE are being re-produced with a reduced sensitivity designation.  They were previously designated Highly Sensitive and are now designated Sensitive.

       x. Transcripts of Radio Communications on MPD-1 Channel from January 6 and 7, 2021 (CAPD_000058895 - CAPD_000059161).

      xi. Documents Related to Use of Force (CAPD_000059162 - CAPD_000059174).

c. USCP files including:
    i. Board Orders (CAPD_000059175 - CAPD_000059182).
    ii. National Capital Region Mutual Aid Agreement (CAPD_000059183 - CAPD_000059220).
    iii. Emails and Communications (CAPD_000059221 - CAPD_000060468).
    iv. Summary of Abandoned Property from January 6, 2021 (CAPD_000060469 - CAPD_000060473).
    v. Prisoner Processing Paperwork (CAPD_000060474 - CAPD_000060514).
    vi. Event Chronology for January 6th (CAPD_000060515 - CAPD_000060594).

2. **Volume DOJCB_015**: On March 25, 2022, the following documents were shared to the defense Relativity database:

a. Documents identified as relevant to (1) *United States v. Dustin Thompson* and (2) *United States v. Jacob Fracker and Thomas Robertson* (CAPD_000073343 - CAPD_000073992, except for the documents described in (b) through (d) below, which were inadvertently intermingled in this Bates range).
    o To identify only those items associated with a particular defendant identified in Item (2)(a), filter the CODE_IndivDefendant field by the relevant defendant's name.[13]

b. VSP Body Worn Camera Start Times and Officer Assignment Spreadsheet. This spreadsheet consists of USAO work product and is being provided solely to assist the defense in locating potentially relevant evidence (CAPD_000073739).

c. VSP - Division 27 (Fairfax) - Body-Worn-Camera Deployment Tracker (CAPD_000073993).

d. USCP Emails and Communications (CAPD_000073888 and CAPD_000073924).

3. **Volume DOJ_ABD_003:** On March 18, 2022, DOJ_ABD items associated with 14 individuals, William Isaacs, Donovan Crowl, Patrick McCaughey, Christopher

---

[13] The "CODE_Individual_Defendant" is a subjective work product field that we are providing to the defense Relativity database solely to assist defense counsel in locating materials that may be relevant to individual defendants. The information we use to code items as being associated to a particular defendant is derived from a variety of methods, including text searches and original case file information. Inadvertent miscoding can thus result in cases where individuals have similar names, or from overly broad search terms, human error, or other factors. Accordingly, as the information available to us evolves, the names listed in that field may grow or shrink for any given document or group of documents.

Quaglin, Joseph Hackett, Kevin Seefried, Roberto Minuta, Anthime Gionet, David Alan Blair, Anthony Williams, Brian Ulrich, Dustin Thompson, and Geoffrey Sills, were produced to the defense Relativity database (CAPD_000060595 - CAPD_000073342).

4. **Volume DOJ_ABD_004**: On March 28, 2022, DOJ_ABD items associated with 90 individuals (listed in the attached index) were produced to the defense Relativity database (CAPD_000073994 - CAPD_000076394).

## Global Production No. 14

Global Production No. 14 consisted of Relativity production volumes DOJCB_016, DOJCB_017, DOJ_ABD_005, DOJ_ABD_006, and DOJ_ABD_007.  This production included materials responsive to defense discovery requests concerning James "Ray" Epps.

1. **Volume DOJCB_016:**  On April 14, 2022, the following documents were shared to the defense Relativity database:
   a. Ray Epps materials (CAPD_000363525 - CAPD_000363536).
   b. A work product spreadsheet of MPD BWC serial numbers and original owner names (CAPD_000363537).
   c. MPD Injured Officer Case Files (CAPD_000363538 - CAPD_000363620, CAPD_000363696, CAPD_000363697, CAPD_000363699 - CAPD_000363702, CAPD_000363822 - CAPD_000363863, CAPD_000363873 - CAPD_000363873).
   d. Prince George's County Police materials (CAPD_000363621 - CAPD_000363622).
   e. USCP Crime Scene Unit Materials (CAPD_000363623 - CAPD_000363694).
   f. USCP Comprehensive After-Action Report (CAPD_000363695).
   g. Documents related to Nicholas Rodean (CAPD_000363698, CAPD_000363864 - CAPD_000363872).
   h. Documents related to Charles Donohoe (CAPD_000363703 - CAPD_000363727).

The government is aware that Ray Epps has been the subject of a variety of media articles[14] and a topic of congressional hearings.[15]  Public statements by the House Select Committee on January 6 indicate that it has interviewed Mr. Epps[16] and media reports citing counsel for Mr. Epps indicate that the Committee did so again on Friday, January 21, 2022.[17] Included within the Ray Epps materials described in 1(a) above (CAPD_000363525 - CAPD_000363536) are:

    a.  Audio recording of a January 8, 2021 call to FBI's National Threat Operations Center (NTOC) from Ray Epps (CAPD_000363534). This material is designated Highly Sensitive under the protective order.

    b.  Audio recording of March 3, 2021 interview of Ray Epps and corresponding documents including photographs, notes, and 302 summary (CAPD_000363525, CAPD_000363532 - CAPD_000363533,

---

[14] *See e.g.*, Anne Ryman, *Arizona Man Went to Washington for Day of Capitol Riot, Appears to Talk About Plans in Video*, Arizona Republic (published 6:51 PM MT Jan. 11, 2021; updated 10:47 AM MT Jan. 12, 2021) (available at *https://www.azcentral.com/story/news/local/arizona/2021/01/11/fbi-capitol-investigation-arizona-trump-supporter/6624406002/* (last visited 1/19/2022); *Who is Ray Epps?*, Snopes.com (published Jan. 7, 2022) (available at https://www.snopes.com/articles/389126/who-is-ray-epps/) (last visited 1/19/2022).

[15] *See* Oversight of the United States Department of Justice:  Hearing Before the House Committee on the Judiciary, 117 Cong. (October 21, 2021) (Testimony of Attorney General Merrick B. Garland) (available at https://twitter.com/RepThomasMassie/status/1451310873604206597?cxt=HHwWisC5_Zrji6Qo AAAA); The Domestic Terrorism Threat One Year After January 6:  Hearing Before Senate Committee on the Judiciary, 117 Cong. (January 11, 2022) (Questions of Senator Ted Cruz) (available at https://www.judiciary.senate.gov/meetings/the-domestic-terrorism-threat-one-year-after-january-6 at 01:53:30).

[16] House Select Committee on January 6th (@January6thCmte), Twitter (Jan. 11, 2022, 3:58 PM) https://twitter.com/January6thCmte/status/1481007562187280387 ("The Select Committee is aware of unsupported claims that Ray Epps was an FBI informant based on the fact that he was on the FBI Wanted list an then was removed from that list without being charged");  House Select Committee on January 6th (@January6thCmte), Twitter (Jan. 11, 2022, 3:58 PM) https://twitter.com/January6thCmte/status/1481007564188012544 ("The Committee has interviewed Epps.  Epps informed us that he was not employed by, working with, or acting at the direction of any law enforcement agency on Jan 5th or 6th or at any other time, & that he has never been an informant for the FBI or any other law enforcement agency.")

[17] Kyle Cheney, *Figure at Center of Pro-Trump Jan. 6 Theories to Speak with Select Committee Friday*, Politico (Jan. 18, 2022 02:38 PM EST) (available at https://www.politico.com/news/2022/01/18/ray-epps-jan-6-select-committee-527306).

CAPD_000363536). This material is designated Highly Sensitive under the protective order.

    c.  Audio recording of April 13, 2021 interview of James "Jim" Epps Jr., the son of Ray Epps (CAPD_000363526). This material is designated Highly Sensitive under the protective order.

    d.  Video footage from January 6, 2021 that includes the individual identified as Ray Epps on January 6, 2021, including two clips from longer open source videos and clips from the BWC footage of MPD Officers Lazewski, Spajic, Ross, and Naticchione (CAPD_000363527- CAPD_000363531, CAPD_000363535).

2. **Volume DOJCB_017**:  On April 22, 2022, the following documents were shared to the defense Relativity database:

    a.  USCP Casework files related to the following individuals: Larry Brock Jr., Lisa Marie Eisenhart, Joshua Hernandez, Adam Johnson, Kevin Lyons, Richard McGinnish, Eric Munchel, Ronnie Presley, and Ronald Sandlin (CAPD_000386435 and CAPD_000386949).

    b.  Materials gathered by the FBI related to Enrique Tarrio (CAPD_000386950 and CAPD_000389278).

3. **Volume DOJ_ABD_005:**  On April 12, 2022, DOJ_ABD items associated with 29 individuals (listed in the attached index) were produced to the defense Relativity database (CAPD_000076395 - CAPD_000275396).

4. **Volume DOJ_ABD_006**: On April 14, 2022, DOJ_ABD items associated with 47 individuals (listed in the attached index) were produced to the defense Relativity database (CAPD_000275397 - CAPD_000363524).

5. **Volume DOJ_ABD_007**: On April 22, 2022, DOJ_ABD items associated with 41 individuals (listed in the attached index) were produced to the defense Relativity database (CAPD_000363877 - CAPD_000386434).

At this juncture, 151,174 files have been provided to the defense Relativity database. Over 24,000 files have been provided to the defense evidence.com video repositories. Corresponding indexes have been made available via USAfx.  Sensitivity designations for the materials described above are identified in the indexes and in the relevant databases.

***

We will forward additional discovery as it becomes available.

Sincerely,

EMILY A. MILLER
Chief, Discovery Unit
Capitol Siege Section